IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-221-BO

JOHN DIXON,                                     )
                                                )
            Plaintiff,                          )
    v.                                          )       O R D E R
                                                )
CAROLYN COLVIN,                                 )
Acting Commissioner of Social Security,         )
                                                )
            Defendant.                          )

This matter is before the Court on the parties' cross-motions for judgment on the

pleadings. [DE 14, 16]. A hearing was held in Elizabeth City, North Carolina, on May 19, 2016.

For the reasons detailed below, this matter is remanded for further proceedings.

BACKGROUND

Plaintiff, John Dixon, applied for disability insurance benefits on June 16, 2012, alleging

an onset date of April 13, 2012. [Tr. 14]. His claim was denied initially and upon

reconsideration. *Id.* A hearing was held before an Administrative Law Judge (ALJ) on April 25,

2014, in New Bern, North Carolina. *Id.* The ALJ issued an unfavorable decision for plaintiff on

May 29, 2014. [Tr. 14–32]. The Appeals Council denied plaintiff's request for review, and the

ALJ's decision became the final decision of the Commissioner, on August 13, 2015. [Tr. 1]. Mr.

Dixon then sought review in this Court. [DE 1].

Plaintiff was 42 years old on his alleged onset date. [Tr. 31]. Plaintiff has a high school

education and past relevant work as an engineering technician. [Tr. 31]. Plaintiff has a history of

chronic pain due to multi-level degenerative disc disease, neuropathy/carpal tunnel syndrome,

bilateral knee degenerative joint disease/tears, headaches, obesity, metatarsalgia/foot pain, major

depressive disorder, attention deficit disorder/attention deficit hyperactivity disorder, and post-traumatic stress disorder. [Tr. 16].

Plaintiff was involved in a serious car accident in 1996, in which a tractor trailer hit his car on the side of the road while plaintiff was standing beside it. Plaintiff was thrown sixty feet. Eventually, plaintiff, who had served in the Army and later as a civil engineering technician contractor, was given a Veterans Affairs (VA) disability rating and pay.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

To find a claimant disabled, an ALJ must conclude that the claimant satisfies each of five steps. 20 C.F.R. § 404.1520(a)(4). First, a claimant must not be able to work in a substantial gainful activity. *Id.* Second, a claimant must have a severe physical or mental impairment or combination of impairments. *Id.* Third, a claimant's impairment(s) must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, a claimant must not have the residual functional capacity to meet the demands of claimant's past relevant work. *Id.* Finally, the claimant must not be able to do any other work, given the claimant's residual functional capacity, age, education, and work experience. *Id.* The claimant bears the

2

burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ found that plaintiff has not engaged in substantial gainful employment since April 13, 2012. [Tr. 16]. Next, the ALJ determined that plaintiff's history of chronic pain due to multi-level degenerative disc disease, neuropathy/carpal tunnel syndrome, bilateral knee degenerative joint disease/tears, headaches, obesity, metatarsalgia/foot pain, major depressive disorder, attention deficit disorder/attention deficit hyperactivity disorder, and post-traumatic stress disorder were severe impairments. *Id.* However, none of plaintiff's impairments or combination of impairments met or equaled a listing. [Tr. 17]. At step four, the ALJ found that plaintiff was capable of performing a reduced range of sedentary work. [Tr. 20]. Plaintiff was limited to work with a sit/stand option at will (not involving leaving the workstation or being off task more than 15% of the workday), occasional climbing of ramps or stairs, occasional balancing/stooping/kneeling/crouching/crawling, no climbing ladders/ropes/scaffolds, and avoiding hazards such as dangerous moving machinery and unprotected heights. *Id.* Plaintiff was found capable of simple, routine, repetitive tasks with the concentration, persistence, and pace to stay on task for two hour periods in an eight hour work day. *Id.* Plaintiff was also found to need a low-stress work setting with no production-pace or quota-based work and a job dealing more with things than people. *Id.* Plaintiff was limited to interaction with the public only to the extent that it may arise incidentally or casually. *Id.* Finally, though plaintiff was determined unable to perform any past relevant work, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that claimant can perform. [Tr. 31]. A vocational expert testified that these jobs would include employment as a document preparer. [Tr. 32].

3

Accordingly, the ALJ found that plaintiff was not disabled. *Id.* Plaintiff now seeks review of the ALJ's determination.

Plaintiff alleged on brief and at the hearing that the ALJ erred by failing to develop the record and obtain plaintiff's VA disability rating before weighing that decision. As a foundational matter, an ALJ is not bound by a disability decision by another governmental agency, such as the VA. SSR 06-03p. However, the Fourth Circuit has noted that "both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability" and, thus, "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Bird v. Comm'r of SSA*, 699, F.3d 337, 343 (4th Cir. 2012). The ALJ is relieved from this only when "the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.*

Here, the ALJ was aware plaintiff's VA disability determination existed and referred to it in the decision, including that plaintiff was given an 80% combined service-connected disability rating, with 40% for degenerative arthritis of the spine, 30% for major depressive disorder, 20% for lumbosacral or cervical strain, 10% for limited flexion of the knee, 10% for tinnitus, 10% for back muscle impairment, and 10% for limited flexion of the knee. [Tr. 29]. Despite knowing that the decision existed—and the breakdown of plaintiff's disabilities according to the VA—the ALJ gave the VA decision little weight. [Tr. 30]. The ALJ apparently did this in part because the ALJ decision "provides little insight into the claimant's impairments" as it is "vastly different" from the Social Security criteria. *Id.* The Court notes that this conclusion is contradicted by the Fourth Circuit decision in *Bird, supra*, and is thus in error.

Moreover, the ALJ did not order and review the actual VA disability determination. While the Court recognizes that the burden is with the plaintiff in steps one through four of the

4

disability determination, "the ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986). Here, without reviewing the determination, the ALJ had an insufficient basis for assigning it little weight, nor could the ALJ determine that deviation therefrom was appropriate. Accordingly, the Court finds that it was in error for the ALJ not to review the VA disability determination.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the appropriate action is to remand the case to the Commissioner. Upon remand, the Commissioner is to obtain the VA disability determination and review it in order to give it appropriate weight in the disability determination.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED [DE 14], defendant's motion for judgment on the pleadings is DENIED [DE 16], and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this _27_ day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5